## INGLOT v. COLUMBIA AIRCRAFT PRODUCTS, Inc.

Civ. No. 8858.

District Court, D. New Jersey.

Dec. 10, 1946.

Edgar H. Rossbach, U. S. Atty., of Newark, N. J., for petitioner.

Lord & Hughes, of Newark, N. J., for respondent.

HOLLAND, District Judge.

Order to show cause in this case issued on September 9, 1946, returnable September 16, 1946. Without any formal pleading the respondent appeared through counsel, and the case was called for trial on September 24, 1946. Testimony was adduced on several dates, and the case was finally argued on September 30, 1946, and taken under advisement. The testimony has been transcribed and transmitted to the undersigned Judge at Miami, Florida. The case has now received full consideration, and the Court makes its findings of fact and conclusions of law.

### Findings of Fact

(a) Petition was filed under the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 301 et seq.

(b) Petitioner is a resident of Bound Brook, New Jersey, and the respondent is a corporation doing business at Somerville, New Jersey.

(c) Petitioner was inducted into the United States Navy on February 23, 1943, he being at that time employed by the respondent as a toolmaker at $1.25 per hour, plus overtime.

(d) Petitioner was honorably discharged from the Armed Forces on November 3, 1945.

(e) The crux of this case is with reference to whether or not the petitioner did on or about January 7, 1946, make application for reinstatement and restoration to his old position. The testimony has been carefully considered, and I find that he did not on or about January 7, 1946, make such application, and did not within 90 days after he was released from the Armed Forces apply for his old position.

The conduct of the petitioner as to re-employment with respondent between November 3, 1945, and the on or about date of January 7, 1946, shows that he was not anxious to go back to work with respondent, and on or about January 7, 1946, his conduct shows that he placed such emphasis on tool and die making that he was willing to let the matter go until a job in tool and die making was available. The petitioner is not by this proceeding seeking re-employment with respondent but ad interim compensation between the dates January 7, 1946, and May 27, 1946. The Court is called upon to determine whether on or about January 7, 1946, the respondent fulfilled its duties under the statute to the petitioner. I find that with the petitioner seeking a tool-die maker job, and none being then open, respondent was willing to offer petitioner a position of like seniority and pay, and that respondent was not in default in its duties to petitioner at that time.

### Conclusions of Law

I find that verdict should go for the respondent. Accordingly, this case is dismissed.